# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

---

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-3070

E-mail Address
Brooke.Cucinella@stblaw.com

*GRANTED. The Court grants the request that Mr. Ilori's conditions of release be modified according to the conditions set forth in this letter.*

*7/31/2020*

*SO ORDERED.*
*LEWIS J. LIMAN*
*United States District Judge*

BY ECF

July 31, 2020

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

Re:   *United States v. Chancy, et al.*, 20 Cr. 00378 (S.D.N.Y.)

Dear Judge Liman:

I represent Defendant Adedayo Ilori in the above-captioned action. This letter is to request a modification of Mr. Ilori's conditions of release, with the consent of the Government and Pre-Trial Services. On March 4, 2020, Mr. Ilori was ordered released on a $100,000 Appearance Bond secured by two financially responsible persons. Among other conditions of his release, Mr. Ilori is subject to home confinement secured by electronic monitoring and is under supervision by the Pretrial Services Office of the Southern District of New York. On March 11, 2020, this Court, with the consent of the Government, approved a modification to the conditions of Mr. Ilori's release such that his Appearance Bond could be co-signed by only one financially responsible person. Wunmi Ilori, Mr. Ilori's wife, was approved as the sole co-signer of Mr. Ilori's Appearance Bond. Further, on June 23, 2020, this Court, with the consent of the Government, approved a modification to the conditions of Mr. Ilori's release to allow him to attend his daughter's graduation on June 25, 2020.

Mr. Ilori seeks to modify the conditions of his release to (i) add an additional financially responsible person as a co-signer on his Appearance Bond and (ii) modify his home detention condition to a nightly curfew with electronic monitoring[1] so that he may help care for his family, assist in the responsibilities of his home, and perform physical exercise, as recommended by his doctor. Pretrial Services has advised us that it would be a violation of

---

[1]   If the present modification does not entirely alleviate Mr. Ilori's present challenges, he reserves his rights to seek a further modification at a later date to remove the electronic monitoring.

Simpson Thacher & Bartlett LLP

July 31, 2020																						The Honorable Lewis J. Liman

the conditions of his release as they currently stand for him to pursue his career as a private personal trainer or to perform yard work or undertake routine household chores such as grocery shopping.  Mr. Ilori remains in touch with his personal training clients, and would be able to return to work promptly after the home detention condition is removed.  The current restrictions—especially Mr. Ilori's inability to pursue his career—have strained his family, which is already going through a difficult time due to stress and financial difficulties caused by COVID-19.

Modification is appropriate because (i) the addition of a second financially responsible person as a cosigner on his Appearance Bond will ensure Mr. Ilori's compliance with his conditions of release; (ii) the facts show that Mr. Ilori is neither a flight risk nor a danger to the community, and (iii) a nightly curfew presents the least restrictive condition that would reasonably assure Mr. Ilori's presence in court and would ensure the safety of the community, while also allowing him to care for his family in these difficult times.

First, Mr. Ilori seeks to add Mr. Deyal Roopnarine as a co-signer to his Appearance Bond who, along with Mr. Ilori's wife, Wunmi, will be the second financially responsible co-signer.  Mr. Roopnarine is an employee of Envoy Air, Inc., where he receives a yearly salary of approximately $40,000.  Mr. Roopnarine lives in Brooklyn, NY, and is a close friend of Mr. Ilori's who will be able to provide moral suasion to ensure Mr. Ilori complies with his conditions of release.  Mr. Roopnarine was interviewed yesterday by the Government, and has been approved as an additional co-signer.

Second, with respect to flight risk, Mr. Ilori has demonstrated every intention of remaining in the jurisdiction and returning to court, and he intends to fight the charges against him.  From the first day he was charged, Mr. Ilori has complied with law enforcement, as demonstrated by the fact that he did not resist at the time of his arrest and has remained in faithful compliance with the conditions of his release to date, despite their currently restrictive nature that has prevented him from pursuing his career or helping his family with household chores.  Additionally, Mr. Ilori's family resides in this district and he has no significant ties outside of the district that would present a risk of flight.  Finally, Mr. Ilori's wife remains subject to the $100,000 Appearance Bond—as does Mr. Ilori himself, and, if this request is granted, Mr. Roopnarine—which will ensure Mr. Ilori's appearance at future court dates.

Third, as to the safety of the community, Mr. Ilori does not pose a threat to the community as evidenced by the fact that he does not have a record of violent crime, nor has he demonstrated any such behavior since his arrest.

Simpson Thacher & Bartlett LLP

July 31, 2020    The Honorable Lewis J. Liman

    Finally, neither of Mr. Ilori's co-defendants are subject to any location restriction programs or location monitoring.  *See* Dkt. No. 5 at 4 (Herode Chancy's Appearance Bond, noting no location restriction programs), Dkt. No. 9 at 4 (Michael Albarella's Appearance Bond, noting no location restriction programs).  If this request is granted, Mr. Ilori will still be subject to a nightly curfew, which will be more restrictive than the conditions imposed on either of his co-defendants.

    In light of the foregoing, modifying Mr. Ilori's conditions of release to remove the home detention order and replace it with a nightly curfew would present the least restrictive condition that would reasonably assure the appearance of Mr. Ilori and the safety of his community.

    We have spoken with AUSAs Cecilia E. Vogel and Tara M. La Morte, and Mr. Ilori's pre-trial officer, and they consent to the request, with the condition that Mr. Ilori's home detention condition remain in effect until such time as Mr. Roopnarine signs the Appearance Bond, after which time the home detention with electronic monitoring condition should be removed and replaced with the nightly curfew with electronic monitoring condition.

    Thank you for your consideration.

    Respectfully submitted,

    */s/ Brooke Cucinella*
    Brooke Cucinella

cc:   Counsel of record (by ECF)