# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

---

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-3070

E-mail Address
Brooke.Cucinella@stblaw.com

**Memo Endorsement.**
The Government is directed to respond to defendant's letter by Wednesday, October 7, 2020 at 5:00PM. In addition, a Telephone Conference will be held on Friday, October 9, 2020 at 3:00PM to address this matter. Parties are directed to dial into the Court's teleconference line at 888-251-2909 and use access code 2123101.    10/6/2020

SO ORDERED.

*[signature]*
LEWIS J. LIMAN
United States District Judge

BY ECF

October 5, 2020

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

Re:   *United States v. Chancy, et al.*, 20 Cr. 00378 (S.D.N.Y.)

Dear Judge Liman:

I, along with my colleagues at Simpson Thacher & Bartlett LLP, represent Defendant Adedayo Ilori in the above-captioned action, and write to request a modification of Mr. Ilori's conditions of release—specifically, to remove Mr. Ilori's electronic monitoring condition.[1] As described in more detail below, we believe this modification is appropriate given Mr. Ilori's demonstrated behavior showing that he is neither a flight risk nor a danger to the community.

On March 4, 2020, Mr. Ilori was ordered released on a $100,000 Appearance Bond secured by two financially responsible persons. Among other conditions of his release, Mr. Ilori is subject to home confinement secured by electronic monitoring and is under supervision by the Pretrial Services Office of the Southern District of New York. On March 11, 2020, this Court, with the consent of the Government, approved a modification to the conditions of Mr. Ilori's release such that his Appearance Bond could be co-signed by only one financially responsible person. Wunmi Ilori, Mr. Ilori's wife, was approved as the sole co-signer of Mr. Ilori's Appearance Bond. Further, on June 23, 2020, this Court, with the consent of the Government, approved a modification to the conditions of Mr. Ilori's release to allow him to attend his daughter's graduation on June 25, 2020. Finally, this Court, again with the consent of the Government, approved a modification to the conditions of Mr. Ilori's

---

[1]   We understand that, should this request be granted, Pretrial Services will not be able to monitor Mr. Ilori for purposes of his nightly curfew. Consequently, we also request that the curfew condition be removed as well.

Simpson Thacher & Bartlett LLP

October 5, 2020                                              The Honorable Lewis J. Liman

release to (i) replace his home detention condition with a nightly curfew and (ii) add an additional cosigner on July 31, 2020. The additional co-signer was sworn to the appearance bond on August 4, 2020, and Mr. Ilori is now subject to a nightly curfew, secured by electronic monitoring.

Mr. Ilori seeks to modify the conditions of his release for a number of reasons. First, he needs the electronic monitoring device removed because he is in critical need of testing (including an MRI) and likely surgery, neither of which can occur while he is wearing the electronic monitoring bracelet. Mr. Ilori's history of knee pain is well-documented by his doctors at NYU Langone Medical Center ("NYU Langone"). In 2018, Mr. Ilori was diagnosed with bilateral primary osteoarthritis of the knee, and arthritis of the right knee. In 2019, Mr. Ilori's doctors at NYU Langone identified patellofemoral instability of Mr. Ilori's right knee, which presented with pain. Presently, his doctors have informed him that an MRI is required to diagnose knee pain he is currently experiencing, which they anticipate may require surgery. Additionally, wearing the ankle bracelet that is required for his electronic monitoring has exacerbated his knee pain, and removal of Mr. Ilori's electronic monitoring bracelet would remove a significant contributing factor to his physical discomfort.

Second, modification is appropriate because, as noted in the approved application for curfew in lieu of home detention, *see* ECF No. 25, the facts show that Mr. Ilori is neither a flight risk nor a danger to the community, and Mr. Ilori's presence in court is reasonably assured by the Appearance Bond he, his wife, and his friend have all signed.

With respect to flight risk, Mr. Ilori has demonstrated his intention to remain in the jurisdiction and return to court. From the day he was charged, Mr. Ilori has complied with law enforcement: he did not resist at the time of his arrest and has remained in faithful compliance with the conditions of his release to date, even though they have prevented him from fully pursuing his career and getting the medical attention he needs, and have caused him physical distress. Additionally, Mr. Ilori's family—including his wife and children—reside in this district and he has no significant ties outside of the district that would present a risk of flight. Further, Mr. Ilori's wife remains subject to the $100,000 Appearance Bond—as does Mr. Ilori himself, and Mr. Deyal Roopnarine—which will ensure Mr. Ilori's appearance at future court dates.

As to the safety of the community, Mr. Ilori does not pose a threat to the community, as evidenced by the fact that he does not have a record of violent crime, nor has he demonstrated any such behavior since his arrest.

Simpson Thacher & Bartlett LLP

October 5, 2020                                                                      The Honorable Lewis J. Liman

Finally, we note that neither of Mr. Ilori's co-defendants are subject to any location restriction programs or location monitoring.  *See* Dkt. No. 5 at 4 (Herode Chancy's Appearance Bond, noting no location restriction programs), Dkt. No. 9 at 4 (Michael Albarella's Appearance Bond, noting no location restriction programs).  Additionally, we note that Mr. Ilori is also subject to a bond in connection with state charges he is facing, which further guarantees he will remain in the district.

In light of the foregoing, modifying Mr. Ilori's conditions of release to remove electronic monitoring would present the least restrictive condition that would reasonably assure the appearance of Mr. Ilori and the safety of his community, without risk of exacerbating Mr. Ilori's health conditions.

We have spoken with AUSAs Cecilia E. Vogel and Tara M. La Morte, and Mr. Ilori's pre-trial officer, and they oppose this request.

Thank you for your consideration.

Respectfully submitted,

*/s/ Brooke Cucinella*
Brooke Cucinella
Mark Stein

cc:     Counsel of record (by ECF)